MAR, The HELEN. See Case No. 10,543.

---

## Case No. 9,058.

### The MARATHON.

PACKER et al. v. The MARATHON.

[5 Adm. Rec. 88, 89.]

District Court, S. D. Florida. July 29, 1853.

SALVAGE—SMALL SKILL—NO GREAT DANGER—
MERIT.

[Salvage services rendered, without uncommon skill or exertions, to a ship in no great danger of loss, are of small merit.]

[Libel for salvage by James Packer and others against the ship Marathon and cargo.]

S. R. Mallory, for libellants.
Thos. F. King, for respondent.

MARVIN, District Judge. This ship, laden with a valuable cargo, supposed to be worth between $60,000 and $80,000, from New Orleans, bound to New York, in the afternoon of the thirtieth of June, ran ashore upon the southwest point of the quicksands, where she remained about sixty eight hours. The master carried out a kedge astern, and commenced to lighten the ship by heaving overboard cargo, and endeavoured to heave the ship off. Night coming on, he dropped his starboard anchor to hold the ship where she was until the next morning. The next morning he discovered that the best water was ahead of the ship, and he carried out a kedge in that direction, and commenced again to heave overboard cargo. He hove overboard, in all, —— bales of cotton, —— hogsheads of sugar, 160 hides, and a lot of staves. The next morning the libellant Packer, in the sloop Mystic, with seven men, arrived at the ship, and was employed to lighten the ship, and aid in getting her off. He received on board his sloop one hundred and sixty-three bales of cotton, and then dispatched her to Key West. At about one o'clock the next day, the wind and tide being favorable, and all sails set, the ship gradually worked off the shoal. The bottom on which the ship lay is called a "quicksand," the precise nature of which is probably not well understood. There is no evidence, however, that it is a dangerous bottom.

The libel represents the services of the salvors in general, but strong, language, yet it is very difficult to discover from the facts themselves that the case is one of more than ordinary merit. I do not think that the ship was in much danger of total loss, nor that any uncommon skill or exertions were employed by the libellants in getting her afloat. The services consisted in the taking on board the Mystic the one hundred and sixty-three bales of cotton, and in Packer's remaining on board the ship after the Mystic was dispatched to Key West, to aid the master with his advice, in case it should be needed. The ship and cargo are, however, valuable, and a liberal compensation may be properly made for the service rendered, and I think that twenty-five hundred dollars is liberal and reasonable. It is therefore ordered, adjudged, and decreed that the libellants have and recover, in full compensation for their services rendered the said ship Marathon and cargo, the sum of twenty-five hundred dollars. It is further ordered that the costs and expenses of this suit, the wharfage, storage, bills for labor, notary public's fees, commissions, and all other charges upon the property incurred by the ship's coming into this port, be brought into court, to be examined and allowed or disallowed, and that upon the payment of the aforesaid salvage, costs, expenses and charges, the marshal restore said ship and cargo to the master thereof, for and on account of whom it may concern.